## UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA
## NORTHEASTERN DIVISION

| | |
|---|---|
| THE UNIVERSITY OF MANITOBA, a Manitoban Body Corporate,<br><br>Plaintiff,<br><br>v.<br><br>DRÄGERWERK AG & CO. KGaA, a German Limited Partnership, and DRAEGER MEDICAL, INC., a Pennsylvania Corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civ. No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### COMPLAINT AND DEMAND FOR JURY

Plaintiff, the University of Manitoba ("the University"), alleges by way of complaint against defendants, Drägerwerk AG & Co. KGaA ("Drägerwerk") and Draeger Medical, Inc. ("Draeger") (collectively "defendants") as follows:

### *The University and Its Patents*

1. The University, located in Winnipeg, Manitoba, Canada, is a Manitoban Body Corporate, originally established in 1877 by the University of Manitoba Act.

2. The University is Manitoba's largest, most comprehensive, and only research-intensive post-secondary educational institution.

3.     The University is the owner by assignment of U.S. Patent Nos. 5,647,350 ("the '350 patent"), 5,941,841 and 6,027,498 (collectively "the Subject Patents") (attached as Exhibits A-C).

4.     The inventors named on the Subject Patents, William Alan C. Mutch and Gerald Robin Lefevre, were, at the time of invention, University faculty members.

5.     Drs. Mutch and Lefevre discovered the advantages of varying the flow of biological liquids and gasses to patients and organs during, *e.g.*, surgical proceedings in order to replicate better the normal breathing and blood flow of an individual. The Subject Patents are directed generally to this variation in flow.

6.     Representative claim 1 of the '350 patent reads as follows:

> A method of controlling flow of a biological fluid to an organ during controlled life support conditions, said biological fluid being the primary source of fluid to sustain life support to an organ, wherein said method which comprises:
>
> establishing a predetermined pattern of variations over time of instantaneous changes in flow of a biological fluid to an independently-functioning normal organ of a mammalian species,
>
> generating a variable control parameter for regulation of flow of said biological fluid to an organ during controlled life support conditions in accordance with said predetermined pattern, and
>
> controlling said flow of said biological fluid to said organ during controlled life support conditions in accordance with said variable control parameter to provide a variable flow of said biological fluid to

2

the organ during controlled life support conditions which mimics the normal flow of said biological fluid to a normal organ.

## *The Defendants and the Accused Products*

7.  Upon information and belief, defendant Drägerwerk is a German Limited partnership with a principal place of business at Moislinger Allee 53-55, ☐ Lübeck 23558, Germany. Drägerwerk sells a variety of products in the fields of medical and safety technology.

8.  Upon information and belief, defendant Draeger is a Pennsylvania Corporation with a principal place of business at 3135 Quarry Road, Telford, Pennsylvania 18969. Draeger is a wholly-owned subsidiary of Drägerwerk.

9.  Upon information and belief, in or around 2010, the defendants began offering the Variable Pressure Support ("VSP") option for their Evita ventilator products.

10. The VSP option with noisy pressure support ventilation ("PSV") controls the flow of oxygen, a biological fluid, to the lungs of a patient, where the oxygen sustains life support to the lungs.

11. In order to mimic the natural variation of a biological system, using noisy PSV, randomly generated, normally distributed values of pressure support with a coefficient of variation are determined, representing the best compromise between oxygenation and respiratory mechanics.

3

12. Noisy PSV employs a variable control parameter based upon the randomly generated, normally distributed values of pressure support with a coefficient of variation to regulate the flow of oxygen to the lungs when a patient is on controlled life support.

13. The Evita ventilator with the VSP option employs the generated variable control parameter, repeated in a cycle of a specified number of breaths, to control the flow of oxygen to a patient on controlled life support to provide such oxygen in a manner that mimics the natural variation the natural variation of biological systems.

14. Upon information and belief, the defendants have sold Evita ventilators with the VSP option in the United States.

15. Upon information and belief, the defendants' customers have used the Evita ventilators, employing the VSP option.

16. Upon information and belief, the defendants have instructed their customers on the use of the VSP option for the Evita ventilators through, *e.g.*, equipment manuals explaining such use.

17. The University, through its counsel, has sent correspondence to Drägerwerk regarding the Subject Patents, and outlining the defendants' infringement of such patents. Neither Drägerwerk nor Draeger responded to such correspondence.

## Jurisdiction and Venue

18.  This Court has subject matter jurisdiction pursuant to 35 U.S.C. § 1338(a).

19.  Venue is proper in this Judicial District pursuant to 35 U.S.C. § 1400(b).

### *Count I – Patent Infringement*

20.  The University hereby incorporates by reference the allegations contained in paragraphs 1-19, above.

21.  The defendants' sales and/or offers to sell the Evita ventilator with the VSP option constitute direct infringement of the claims of the Subject Patents pursuant to 35 U.S.C. §271(a).

22.  The defendants' sales of the Evita ventilator to their customers with the capability of VSP constitute contributory infringement of the Subject Patents pursuant to 35 U.S.C. §271(c).

23.  The defendants' instructions to their customers as to the use of the VSP option for the Evita ventilator, while knowing about the Subject Patents, and the infringement thereof, constitute induced infringement of such patents pursuant to 35 U.S.C. §271(b).

24.  The defendants' infringement of the Subject Patents has caused injury

to the University.

25. The defendants' continued infringement of the Subject Patents, while knowing about such patents, and the infringement thereof, is, upon information and belief, willful.

WHEREFORE, the University respectfully requests that this Court award compensatory damages to the University sufficient to compensate it for the defendants' infringement; treble such damages in light of the defendants' willfulness; and award the University such further relief as the Court deems appropriate.

Respectfully submitted,

*/s/ Marianne Oyerhavn Knudson*
Marianne Oyerhavn Knudson
PEARSON, CHRISTENSEN & CLAPP, PLLP
24 North 4th Street
Grand Forks, North Dakota 58206-5758
(701) 775-0521
marianne@grandforkslaw.com

Counsel for Plaintiff
The University of Manitoba

OF COUNSEL:

Rolf O. Stadheim
George C. Summerfield
Steven R. Pedersen
STADHEIM & GREAR
400 North Michigan Avenue
Suite 2200
Chicago, Illinois
(312) 755-4400
stadheim@stadheimgrear.com
summerfield@stadheimgrear.com
pedersen@stadheimgrear.com

Dated: June 26, 2013

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

_____
Marianne Overhavn Knudson
PEARSON, CHRISTENSEN & CLAPP, PLLP
24 North 4th Street
Grand Forks, North Dakota 58206-5758
(701) 775-0521
marianne@grandforkslaw.com

Counsel for Plaintiff
The University of Manitoba

OF COUNSEL:

Rolf O. Stadheim
George C. Summerfield
Steven R. Pedersen
STADHEIM & GREAR
400 North Michigan Avenue
Suite 2200
Chicago, Illinois
(312) 755-4400
stadheim@stadheimgrear.com
summerfield@stadheimgrear.com
pedersen@stadheimgrear.com

Dated: June 26, 2013