IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | |
|---|---|
| The University of Manitoba, a Manitoban Body Corporate,<br><br>    Plaintiff,<br><br>vs.<br><br>Draeger Medical, Inc., a Pennsylvania Corporation,<br><br>    Defendant. | Civil Case No. 2:13-cv-48<br><br>**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR ATTORNEYS FEES AND COSTS AND MOTION TO STRIKE EXHIBITS A-H** |

**I. INTRODUCTION AND SUMMARY OF DECISION**

Before the Court is Defendant Draeger Medical, Inc.'s ("Draeger") motion for attorney fees and costs[1] and Plaintiff The University of Manitoba's ("U of M") motion to strike exhibits A-H of Draeger's memorandum in support of its motion for fees and costs.[2] Draeger contends this case "the clearest of all possible 'exceptional' cases" under 35 U.S.C. § 285 and thus it is entitled to an award of approximately $1.6 million in legal fees.[3] The U of M has opposed the motion for attorneys fees and also seeks to strike exhibits that were not attached to the original memorandum.

Because the parties presented two reasonable claim constructions for the term in dispute, this case is not "exceptional" within the meaning of § 285. Draeger's motion is DENIED. The U of M's motion to strike exhibits A-H is DENIED as moot.

---

[1] Doc. #104.

[2] Doc. #117.

[3] Doc. #111, p. 3.

1

## II.    BACKGROUND

The complaint in this action was filed on June 28, 2013. The litigation began with three related patents. It was contentious from its inception. The parties were unable to reach agreements on even basic issues, such as scheduling deadlines or the entry of a consent judgment.[4] By early December 2013, the U of M informed the Court during a status conference of its intention to dismiss the claims regarding two of the patents.[5] On December 20, 2013, the U of M formally moved to dismiss the claims pertaining to U.S. Patent Nos. 5,941,841 and 6,027,498.[6] The Court dismissed the claims relating to these two patents and reserved ruling on Draeger's claim for attorney fees until the conclusion of the case.[7]

The patent in dispute pertained to an invention directed at varying the flow of biological fluids to an organ during controlled life support conditions. The alleged infringement centered on construction of the term "controlled life support conditions." The U of M, relying on the plain language in the claim, proposed a construction in which the medical life support system is the primary source of biological fluid to an organ. Draeger countered with a proposal based on claim disavowal contained in the prosecution history where the life support system involves no patient breathing effort.

On June 16, 2014, the Court issued its final claim construction order on patent 5,647,350 ("the '350 Patent"). The Court's final construction of the term "controlled life

---

[4] Docs. #47, 50, 51 & 93.

[5] Doc. #50.

[6] Doc. #59.

[7] Doc. #87.

support conditions" rendered the U of M's infringement claim untenable. The U of M consented to the entry of judgment[8] and has appealed the Court's claim construction order.[9]

III. ANALYSIS

Draeger contends that each of the patent infringement claims asserted by the U of M were fatally flawed because a reasonable investigation would have demonstrated the baseless infringement allegations or invalidity of the patent.

Section 285 of the Patent Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."[10] District courts are to exercise their discretion in making the exceptional-case determination.[11] Entitlement to fees under § 285 is governed by a preponderance of the evidence standard.[12]

As recently explained by the United States Supreme Court in Octane Fitness, LLC v. ICON Health & Fitness, Inc., the meaning of "exceptional case" under § 285 is

> one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated.[13]

Under Octane, "a district court may award fees in the rare case in which a party's unreasonable conduct–while not necessarily independently sanctionable–is nonetheless

---

[8] Doc. #93.

[9] Doc. #106.

[10] 35 U.S.C. § 285

[11] - - U.S. - - , 134 S.Ct. 1749, 1756 (2014); Highmark Inc. v. Allcare Health Mgmt. Sys., - - U.S. - -, 134 S.Ct. 1744 (2014).

[12] Id. at 1757-58.

[13] Id.

3

so 'exceptional' as to justify an award of fees."[14]  The litigation need not be both objectively baseless and brought in subjective bad faith to award fees. "[A] case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award."[15]

Although there is no precise rule or formula for making this determination, the Supreme Court has suggested that district courts may look to a "nonexclusive" list of factors, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."[16]  Upon consideration of the suggested factors, the Court finds this is not an exceptional case warranting the award of attorneys fees.

The Court first considers the two patents that were dismissed early on in the litigation.  The Court never reached the merits of whether the patents are invalid because the claims pertaining to the two patents were dismissed by the U of M within six months of the commencement of the suit. Draeger was not required to bring a motion to dismiss, nor does it appear it expended much in the way of time or resources prior to dismissal of the claims.  Magistrate Judge Karen K. Klein allowed Draeger to propose two questions to the U of M regarding the patents and set a deadline for responding to the inquiries.  The U of M did not respond to the questions, but rather moved to dismiss the claims. Whether or not the patents were "obviously invalid" is not an issue the Court

---

[14] 134 S.Ct. at 1757.

[15] Id.

[16] Id. at 1756 n.6 (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994)).

reached, and is not a basis in which the Court is inclined to award attorneys fees. In light of the limited expenditure of time or resources regarding the two patents that were dismissed, the Court finds the issues are not ones that stand out as being exceptionally frivolous or objectively unreasonable.

Turning to the '350 Patent, Draeger asserts that the U of M based its claims on a "misrepresentation so obvious i[t] startles the rational mind."[17] Draeger suggests that the U of M commenced this litigation under two possible theories: (1) the U of M hoped it could persuade a court "inexperienced with patent matters to radically misapply the law of claim interpretation", or (2) the U of M sought to wear down Draeger with the rigors and cost of litigation such that it would simply pay the U of M to go away.[18] Draeger's theories are overreaching and belied by the record.

Parties involved in patent litigation routinely disagree about the construction of claim terms. An adverse claim construction does not necessarily mean that no reasonable patentee would have pursued such an interpretation. In support of their positions in this case, the U of M relied on the precise claim language while Draeger relied on the prosecution history. The Court issued a tentative claim construction, held a <u>Markman</u> hearing, and then re-examined the entire record before reaching a final decision. The diligence undertaken by the Court leads to the inescapable conclusion that the U of M's arguments were not frivolous, objectively unreasonable, or baseless. The Court ultimately concluded the U of M disavowed the claim coverage it was seeking to enforce during the prosecution history. Nonetheless, the disavowal is no where near

---

[17] Doc. #113, p. 1.

[18] Doc. #111, p. 3.

as clear as Draeger claims in its memorandum in support of its request for attorneys fees.

Even under the less restrictive standard articulated in Octane, the Court finds this case does not stand out as being frivolous or prosecuted in an unreasonable manner. Because the case is not exceptional, the Court declines to award attorneys fees under § 285 of the Patent Act.

**IV.   DECISION**

Upon consideration of the totality of the circumstances, the Court finds this is not an exceptional case under § 285. Draeger's motion for attorneys fees and costs is **DENIED**. The U of M's motion to strike exhibits A-H is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated this 17th day of December, 2014.

*/s/ Ralph R. Erickson*
Ralph R. Erickson, Chief Judge
United States District Court